**MACCO & STERN, LLP**
MICHAEL J. MACCO, ESQ.
135 Pinelawn Road – Suite 120 South
Melville, NY 11722
(631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                    Chapter 11

    Advanced Chimney Inc.                         Case No.: 08-74464-ast

                             Debtor.
-----------------------------------------------------------X

## APPLICATION FOR AN ORDER AUTHORIZING
## RETENTION OF ACCOUNTANT BY DEBTOR IN POSSESSION

**To: THE HONORABLE ALAN S. TRUST**
     **UNITED STATES BANKRUPTCY JUDGE:**

Advanced Chimney, Inc., the Debtor and Debtor-in-Possession, ("Applicant" or the "Debtor"), by its attorneys Macco & Stern, LLP respectfully represents as follows:

### Background

1. On August 20, 2008, (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, of the United States Code, 11 U.S.C. §101 et seq. ("Bankruptcy Code"). Thereafter, the Debtor has continued to operate its business and manage its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108. Neither a trustee nor an official committee of unsecured creditors have been appointed in Debtor's case.

### Request for Retention of Accountant

2. This Application is submitted in support of an Order, pursuant to 11 U.S.C. §327, authorizing Debtor to retain the firm of Weisman & Company, C.P.A, with offices located at 170 North Country Road, Suite 2, Port Jefferson, NY 11777 ("W&C") as the Debtor's accountant.

3. Debtor desires to retain W&C to render accounting services in connection with its Chapter 11 case. For approximately six (6) months W&C has performed accounting, tax preparation and general bookkeeping services for Debtor.

4. It bears noting that the primary reason the Debtor required the protection of the Bankruptcy Court was due to certain alleged actions and omissions of the Debtor's prior accountant caused by his mishandling of an issue with the taxing authorities that caused the assessment of a tax liability of several hundred thousand dollars that the Debtor maintains was not an appropriate or warranted under the circumstances. W&C was initially retained to resolve this issue as well as get the Debtor's books and records in proper order. W&C has been working diligently towards that goal both in the months before and after the bankruptcy filing.

5. It is anticipated that W&C will render advice to Debtor concerning its accounting needs as debtor-in-possession and that the professional services which said accountant has agreed to render will include, without limitation, the following: (a) consulting with Debtor concerning the preparation of tax returns and monthly operating reports; (b) performing those analyses necessary for the presentation of a plan of reorganization; (c) investigating Debtor's past transactions and advising Debtor with respect to transactions entered into during the pendency of Debtor's case; and (d) performing any and all such other accounting services as may be required by Debtor in the best interest of the estate.

6. As the Debtor's finances required immediate attention, a great deal of work has needed to be done on an expedited basis outside of the ordinary course including correcting and adjusting the Debtor's books and records for the period of January 1, 2007 though December 31, 2007, closing the books and records for the period ending December 31, 2007, preparing all required corporate tax returns for the period ending December 31, 2007, working closely with the Debtor and New York State Department of Taxation and Finance in an attempt to resolve the open corporate taxes, meeting with the Debtor and Debtor's bankruptcy counsel regarding bankruptcy issues, as well as performing the regular duties of preparing the financial information and monthly operating reports for the bankruptcy.

7. As a result of the foregoing, W&C has continued working for the Debtor post-petition prior to being formally retained by the Court. Retention is therefore being sought *nunc pro tunc* to the date of the petition filing, and it is anticipated that the initial fee requested by W&C is likely to be significantly higher than subsequent applications.

8. To the best of Debtor's knowledge, W&C has no connection with the Debtor, creditors or any party in interest or its respective attorneys, except that W&C has previously represented the Debtor with regard to various accounting matters as stated above. Upon information and belief, the Debtor is not indebted to W&C for pre-petition accounting services.

9. Notwithstanding the above, to the best of Debtor's knowledge, W&C has no interest adverse to the estate in the matters upon which it is to be engaged.

10. Annexed hereto in support hereof is the Affidavit of the head of the W&C firm, Lenny J. Weisman, C.P.A. This affidavit sets forth that W&C is a disinterested person as that term is defined in the Bankruptcy Code, and represents no interest adverse to the estate in the matters upon which it is to be engaged. The affidavit further sets forth that pursuant to 11 U.S.C. §§328, 330 and 331, W&C is seeking compensation from Debtor's estate for the services to be rendered, and assessing hourly fees of $225.00 per hour for Partner time, $125.00 per hour for Staff time and $65.00 per hour for Clerical time. Based upon this information, Mr. Weisman estimates monthly fees will be approximately $3,500.00 per month, to be paid directly by the Debtor upon proper written application to this Court.

11. In conclusion, Debtor desires to employ W&C as its accountant due to the accounting services which have been and will be required during the pendency of the case.

12. Debtor is of the view that in light of its unfortunate experience with its old accountant, as well as the expertise and experience of W&C and their familiarity with the Debtor's financial history and current status, including the various accounting issues which may arise during the pendency of the case W&C's continued employment is both necessary and desirable.

13.     Upon information and belief, no previous application for relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor requests this Court issue the annexed Order together with such other and further relief as this Court may deem just and proper.

Dated:     Melville, New York
           October 9, 2008

                              MACCO & STERN, LLP
                              *Attorneys for Debtor*

          By:                 /s/ Michael J. Macco
                              Michael J. Macco
                              *A Member of the Firm*
                              135 Pinelawn Road - Suite 120 South
                              Melville, NY 11747
                              (631) 549-7900 tel.
                              (631) 549-7845 fax

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                  Chapter 11

    Advanced Chimney Inc.                                  Case No.: 08-74464-ast

                    Debtor.
-----------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING RETENTION AND COMPENSATION OF ACCOUNTANT BY DEBTOR-IN-POSSESSION

STATE OF NEW YORK      )
COUNTY OF SUFFOK       ) s.s.:

*Lenny J. Weisman*, being duly sworn, deposes and says:

    1.    Deponent is a Certified Public Accountant with offices located at Weisman & Company, C.P.A, 170 North Country Road, Suite 2, Port Jefferson, NY 11777 ("W&C").

    2.    This Affidavit is submitted in support of the proposed retention and compensation of W&C as accountant for the Debtor herein.

    3.    I have read and reviewed the annexed application of the Debtor executed by Debtor's counsel seeking to retain W&C, and hereby restate and reallege each of the statements made therein in the entirety as my own.

    4.    Deponent and W&C have no connection with the Debtor or its creditors or any other party in interest herein or its attorneys, except that they have previously assisted the Debtor with regard to various pre-petition accounting and bookkeeping matters.

    5.    Notwithstanding the above, it is submitted that Deponent and W&C are each a "disinterested party" within the meaning of that term as defined in 11 U.S.C. §101(14).

6.     Deponent and W&C do not hold an interest adverse to the Debtor or the estate herein with respect to the matter upon which W&C is to be engaged.

7.     W&C acknowledges that it will only be paid and receive compensation for services to Debtor's estate pursuant to §§328, 330 and 331 of the Bankruptcy Code upon proper written application to this Court. It has been initially agreed to with the Debtor that compensation will be on an hourly basis and assessing hourly fees of $225.00 per hour for Partner time, $125.00 per hour for Staff time and $65.00 per hour for Clerical time. Based upon my familiarity with the Debtor and review of the reporting requirements, Deponent estimates the monthly fees of &C will be approximately $3,500.00 per month, except for the initial period for which a significantly higher fee is anticipated due to the issues mentioned in the aforementioned application seeking to retain W&C.

8.     It is acknowledged and understood that all fees may only be earned and assessed upon proper written application to this Court and the issuance of an award for same. Once this initial retainer is expended, W&C will be paid approximately quarterly directly by the Debtor, after approval by this Court..

9.     Deponent's ordinary billing rate for accounting professional services of this nature is the same as that being charged to the Debtor, but payments in the ordinary course are due monthly.

10.    It is estimated that Deponent and the staff of W&C will expend no more than twenty (20) hours per month on this matter, except for the initial period and unless unforeseen problems arise.

11. Deponent and W&C shall render advice to Debtor concerning its accounting needs as a debtor-in-possession and that the professional services which shall be rendered will include, without limitation, the following: (a) consulting with Debtor concerning the preparation of tax returns and monthly operating reports; (b) performing those analyses necessary for the presentation of a plan of reorganization; (c) investigating Debtor's past transactions and advising Debtor with respect to transactions entered into during the pendency of Debtor's case; and (d) performing any and all such other accounting services as may be required by Debtor in the interest of the estate.

12. Deponent is the accountant at W&C that will be primarily responsible for this matter. All regular staff and clerical staff members of W&C shall work under my own direct supervision and control on this matter.

13. Deponent has the requisite expertise and experience in the accounting matters for which retention is sought and Deponent is already familiar with Debtor's books, records and finances, having performed accounting services on behalf of the Debtor for approximately the six (6) months, and being intimately involved in working with the Debtor to help resolve issues caused in large part by the actions and omissions of the Debtor's prior accountant.

14. Deponent is competent to represent the interest of the Debtor herein in all accounting matters which are pending or which may reasonably be expected to be pending in the foreseeable future.

15. Although work has been commenced by W&C in the post-petition period, W&C has not heretofore received any compensation from the Debtor or any third party in connection with this case post-petition.

16.    There are were and are no outstanding sums due W&C as of the petition filing date for pre-petition services, and to the extent any sums are later found to have been due for pre-petition services, W&C hereby waives any right to the recovery of same.

                                                          Weisman & Company, CPA

By: _____
       Lenny J. Weisman
       *Individually and on behalf of the Firm*

Sworn to before me this
\_\_\_ day of October \_\_\_, 2008

_____
Notary Public