UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re                                                                    Chapter 11

ADVANCED CHIMNEY INC.,                                 Case No.: 08-74464-ast

                                             Debtor.
------------------------------------------------------x

**<u>AFFIDAVIT OF PRINCIPAL OF THE DEBTOR FOR CONFIRMATION OF
THE DEBTOR'S THIRD AMENDED PLAN PURSUANT TO 11 U.S.C. §1129</u>**

STATE OF NEW YORK      )
COUNTY OF SUFFOLK    ) ss.:

MICHAEL STEENECK, being duly sworn and says as follows:

      1.     I am the President and sole shareholder of the Debtor, and have been responsible for the course and conduct of this Chapter 11 case as well as being signatory on the D.I.P. operating account and tax trust account.

      2.     I am the party who signed each of the Plans and Disclosure Statements that have been sent out for solicitation, and I make this Affidavit in support of Confirmation of the Debtor's Third Amended Plan Reorganization ("Plan").

      3.     I represent that the Plan complies with the applicable provisions of Title 11 of the United State Code, and that the Plan has been proposed in good faith and not by any means forbidden by law.

      4.     All payments that have been made, or are to be made by the Debtor, for services or costs and expenses, were in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of the Court as reasonable.

5. The Plan has disclosed the identity and affiliation of the undersigned, who is contributing certain assets and principal to the Debtor and proposes to serve after the Confirmation of the Plan as a director and officer.

6. The appointment of the undersigned in that role is consistent with the interests of creditors, and with equity and security holders, and with public policy.

7. The Plan has disclosed the identity of all insiders that will be employed or retained by the reorganized Debtor.

8. There is no government regulatory commission that has jurisdiction after Confirmation for the Plan over the rates of the Debtor as the Debtor's business was never regulated in such a manner.

9. Debtor's counsel has filed a Certification of Ballots that shows that with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest, property of a value, as of the effective date of the Plan, that is not less that the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of this Title on such date.

10. The Certification of Ballots further shows that with the certification of each class of claims or interest, that that class has either accepted the Plan, or such class is not impaired under the Plan.

11. The Plan provides that, with respect to a claim of a kind specific in §507(a)(2) that on the effective date of the Plan, the holder of such claim, will receive, on account of such claim, cash equal to the allowed amount of such claim, or at such later time as any such claims are allowed by the Court, that there will be sufficient funds to

pay said claim. Class 1 consists of Administrative Claims and the Claim of the New York State Department of Taxation and Finance. It is estimated that the remaining amount to be paid on said claims is approximately $466,432.54. Fee applications have been yet to be filed in Class 1 (i); however, it is estimated that the Debtor's counsel, Macco & Stern, LLP, will seek an additional $50,000 and Weisman & Company, CPA will seek an additional $25,000 in fees. Class 1 (ii) is the claim of the New York State Department of Taxation and Finance, which has agreed to reduce its claim to the amount of $300,000.00. Therefore, if the plan is confirmed on August 26, 2009 Class 1 (ii) will be paid the sum of $300,000.00 in full, plus interest fixed at 9% per annum or the statutory rate of interest, whichever is lower, but without any penalty, in nine (9) equal installments of $1/9^{th}$ of the allowed amount. The Debtor intends to pay this amount in full upon the effective date, or upon such terms as mutually agreed to by the professionals and the affiant, subject to the Court entering an Order approving the said fees. The Debtor anticipates having sufficient funds on hand to make these payments.

12. There are no claims under §507(a)(3) as this was voluntary petition.

13. Under this Plan, the creditors in Class 2 are impaired. The Class 2 creditors shall be paid in full over a period of time.

14. Confirmation of this Plan is not likely to be followed by the liquidation, or a need for further financial reorganization of the Debtor or any successor to the Debtor under the Plan as demonstrated by the financial projections annexed to the Plan exhibiting positive cash flow sufficient to meet the Plan terms.

15. All fees that are payable under §1930 of Title 28 to the Clerk have been paid, and the Plan provides for the payment of all outstanding fees to the United States

Trustee on or before the effective date of the Plan. Moreover, sufficient funds are on hand with the Debtor to make said payments up until the entry of a Final Decree.

16. The Plan does not provide for the continuation after the effective date of all retiree benefits, as the Debtor does not have any retiree benefits.

17. In order to make all the required under the Plan to confirm this Plan as required by statute, the Debtor requires following sums; not including fees due professionals;

    a. Class 1 Allowed Administrative Claims

        Not Including Professional        $300,000.00

                                                          plus interest

       (i)    $44,793.06    effective date
       (ii)   $44,793.06    6 mo
       (iii)  $44,793.06    12 mo
       (iv)  $44,793.06    18 mo
       (v)   $44,793.06    24 mo
       (vi)  $44,793.06    30 mo
       (vii) $44,793.06    36 mo
       (viii) $44,793.06    42 mo
       (viv) $44,793.06    48 mo

                                      Total        $403,137.54

    b. Class 2 Unsecured Creditors' Initial Distributions:  $123,709.01

       (i)     $13,745.45
       (ii)    $13,745.45
       (iii)   $13,745.45
       (iv)   $13,745.45
       (v)    $13,745.45
       (vi)   $13,745.45
       (vii)  $13,745.45
       (viii) $13,745.45
       (viv)  $13,745.45

**TOTAL**                                                                                  **$526,846.55**

18. At the present time, Debtor's counsel is holding an escrow deposit in the sum of $70,000.00.

19. An administrative Bar Date order was issued and served.

20. Lastly, this Plan is not proposed for the principal purpose of the avoidance of taxes, or the avoidance of the application of §5 of the Securities Act of 1993, as it is not a Securities Act matter, and no taxes are being avoided.

WHEREFORE, the undersigned respectfully requests that the Third Amended Plan be confirmed.

*/s/ Michael Steeneck*_____
MICHAEL STEENECK

Sworn to before me this
24th day of August, 2009
*/s/ Maureen Miller*_____
MAUREEN MILLER
Notary Public, State of New York
No. 01MI6152755
Qualified in Suffolk County
Commission Expires September 18, 2010